IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| ANDREW WILLIAMS, # M-29829, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 17-cv-260-SMY |
| | ) | |
| K. BUTLER, | ) | |
| MS. COWAN, | ) | |
| OFFICER LAFOUND, | ) | |
| and JOHN DOE (Correctional Officer on | ) | |
| 6 Gallery), | ) | |
| | ) | |
| Defendants. | ) | |

# MEMORANDUM AND ORDER

**YANDLE, District Judge:**

Plaintiff Andrew Williams, currently incarcerated at Western Illinois Correctional Center ("WICC"), has filed this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. His claims arose while he was confined at Menard Correctional Center ("Menard"). Williams claims that Defendants failed to protect him from an attack by 3 fellow inmates, despite his many requests to be placed in protective custody. The Complaint is now before the Court for a preliminary review pursuant to 28 U.S.C. § 1915A.

Under § 1915A, the Court is required to screen prisoner complaints to filter out non-meritorious claims. *See* 28 U.S.C. § 1915A(a). The Court must dismiss any portion of the complaint that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law is immune from such relief. 28 U.S.C. § 1915A(b).

An action or claim is frivolous if "it lacks an arguable basis either in law or in fact."

1

*Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Frivolousness is an objective standard that refers to a claim that "no reasonable person could suppose to have any merit." *Lee v. Clinton*, 209 F.3d 1025, 1026-27 (7th Cir. 2000).

An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The claim of entitlement to relief must cross "the line between possibility and plausibility." *Id*. at 557. Conversely, a complaint is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

Although the Court is obligated to accept factual allegations as true, *see Smith v. Peters*, 631 F.3d 418, 419 (7th Cir. 2011), some factual allegations may be so sketchy or implausible that they fail to provide sufficient notice of a plaintiff's claim. *Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009). Additionally, Courts "should not accept as adequate abstract recitations of the elements of a cause of action or conclusory legal statements." *Id*. At the same time, however, the factual allegations of a pro se complaint are to be liberally construed. *See Arnett v. Webster*, 658 F.3d 742, 751 (7th Cir. 2011); *Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

Applying these standards, the Court finds that Plaintiff's claims survive threshold review under § 1915A and shall receive further consideration.

## The Complaint

On March 23, 2015, Williams was approved for protective custody ("P.C.") at Menard by then-Warden Butler[1] and Counselor Cowan. (Doc. 1, pp. 5, 7). However, he went to segregation before he could be placed in P.C. While in segregation, Williams wrote to Defendant Butler "numerous times" to request placement in P.C. after he was released from segregation. (Doc. 1, p. 5). Despite Williams' letters and the fact that Butler had previously approved his P.C. application, Butler failed to act on these requests. *Id.*

Defendant Cowan was the "intake P.C. counselor." (Doc. 1, p. 5). Williams informed her that other inmates had a "hit" on him. *Id.* She initially approved, then denied, and finally approved again Williams' P.C. application, prior to him being moved to segregation. Williams wrote to her again while he was in segregation, telling her that he still needed P.C. when he got out. Cowan responded, "I'm busy, I'll try to get to it," but never took action. *Id.*

Williams was released from segregation on April 26, 2016 (Doc. 1, p. 7). At that time, he told Defendant Lafound (Segregation Property Officer) that he needed to check into P.C. because of the hit on his life. (Doc. 1, pp. 5, 7). Lafound told Williams that he'd be O.K. (Doc. 1, p. 5). He also said that he was tired of signing Williams up for P.C. because he already did it twice, and Williams keeps going to seg. (Doc. 1, p. 7). Lafound added that Williams could "take it as punishment" because he didn't like guys with sex cases.[2] *Id.* When Williams reasserted that his life was in danger, Lafound replied, "I know you need P.C. but I'm going home and you got to deal with it." *Id.*

Williams was put in West House, Gallery 6, where the First Shift Correctional Officer John Doe #1 was on duty. He told John Doe #1 "numerous times" that there were threats on his

---

[1] Plaintiff notes that Butler is no longer the warden at Menard.
[2] Plaintiff attaches a grievance he filed after the attack, in which he states that the inmates who beat him told him that he "is dead in population due to [his] case, which is on a young girl." (Doc. 1-1, p. 1).

3

life and there was a "hit" on him. (Doc. 1, p. 6). John Doe #1 responded that Williams would be "fine," and told him to quit bothering him. *Id.* He also stated, "I know you need P.C. but I'm not going to go over what my boss says," and walked away. (Doc. 1, p. 7). Between April 26 and May 19, 2016, Williams continued to ask John Doe #1 to sign him in or move him to P.C., but his requests were denied.

On May 19, 2016, while Williams was on the East yard, 3 other inmates attacked and severely beat him. (Doc. 1, pp. 6, 8). Williams asserts that if the defendants would have granted his requests to be placed in protective custody, he would not have been attacked.

Williams seeks compensatory and punitive damages. (Doc. 1, p. 6).

**Merits Review Pursuant to 28 U.S.C. § 1915A**

Based on the allegations of the Complaint, the Court finds it convenient to characterize the *pro se* action in a single count. The parties and the Court will use this designation in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court. The designation of this count does not constitute an opinion as to its merit. Any other claim that is mentioned in the Complaint but not addressed in this Order should be considered dismissed without prejudice.

> **Count 1:** Eighth Amendment claim against all Defendants, for failing to take action on Plaintiff's requests to be placed in protective custody due to threats on his life, after his release from segregation in April 2016.

This claim shall proceed for further review in this action.

"Prison officials have a duty . . . to protect prisoners from violence at the hands of other prisoners." *Farmer v. Brennan*, 511 U.S. 825,833 (1994) (internal citations omitted); *see also Pinkston v. Madry*, 440 F.3d 879, 889 (7th Cir. 2006). However, not every harm caused by another inmate translates into constitutional liability for the corrections officers responsible for

the prisoner's safety. *Farmer*, 511 U.S. at 834. Rather, in order for a plaintiff to succeed on a claim for failure to protect, he must show that he is incarcerated under conditions posing a substantial risk of serious harm, and that the defendants acted with "deliberate indifference" to that danger. *Id*.; *Pinkston*, 440 F.3d at 889.

A plaintiff also must prove that prison officials were aware of a specific, impending and substantial threat to his safety, often by showing that he complained to prison officials about a *specific* threat to his safety. *Pope v. Shafer*, 86 F.3d 90, 92 (7th Cir. 1996). In other words, in this case, Defendants had to know that there was a substantial risk that those who attacked Williams would do so, yet failed to take any action. *See Sanville v. McCaughtry*, 266 F.3d 724, 733-34 (7th Cir. 2001). However, conduct that amounts to negligence or inadvertence is not enough to state a claim. *Pinkston*, 440 F.3d at 889 (discussing *Watts v. Laurent*, 774 F.2d 168, 172 (7th Cir. 1985)).

The "hit" announced on Williams placed him at risk of serious harm. In 2015, prior to Williams' transfer to segregation, two of the very officials he sues herein (Butler and Cowan) took that threat seriously enough to approve him for P.C. Additionally, Williams describes how he made explicit requests detailing the danger he was in to each of the individual defendants. And in the case of Butler and John Doe #1, Williams repeatedly ask them for protective custody. Each of these defendants was aware of the danger Williams faced if he was left unprotected in general population, yet each of them failed to take any action to protect him from harm. As such, the Complaint states an actionable Eighth Amendment claim against each of the defendants, for failing to protect Williams from a known risk of serious harm. Therefore, **Count 1** shall proceed for further review.

### Identification of Unknown (John Doe) Defendant

While the John Doe Correctional Officer #1 shall be included in Count 1 as the case proceeds, this individual must be identified with particularity before he may be served with the Complaint. Where a prisoner's Complaint states specific allegations describing conduct of individual prison staff members sufficient to raise a constitutional claim, but the names of those defendants are not known, the prisoner should have the opportunity to engage in limited discovery to ascertain the identity of those defendants. *Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 832 (7th Cir. 2009). *See also Donald v. Cook County Sheriff's Dept.*, 95 F.3d 548, 555 n.3, 556 (7th Cir. 1996) (court may employ various means to assist prisoner-plaintiff in identifying unknown defendants). Guidelines for discovery will be set by the United States Magistrate Judge. Once the name of the Unknown Defendant John Doe #1 (who is described as the First Shift Correctional Officer on 6-Gallery) is discovered, Plaintiff shall file a motion to substitute the newly identified defendant in place of the generic designation in the case caption and throughout the Complaint.

### Pending Motions

Plaintiff's motions for recruitment of counsel (Docs. 3 and 8) shall be referred to the United States Magistrate Judge for further consideration.

### Disposition

The Clerk of Court shall prepare for Defendants **BUTLER, COWAN** and **LAFOUND**: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the Complaint, and this Memorandum and Order to each Defendant's place of employment as identified by Plaintiff. If a Defendant fails to sign and return the Waiver of Service of Summons

(Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on that Defendant, and the Court will require that Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

With respect to a Defendant who no longer can be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with the Defendant's current work address, or, if not known, the Defendant's last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk. Address information shall not be maintained in the court file or disclosed by the Clerk.

Service shall not be made on the Unknown Defendant (John Doe #1 First Shift Correctional Officer on 6-Gallery) until such time as Plaintiff has identified him by name in a properly filed motion for substitution of party. Plaintiff is **ADVISED** that it is Plaintiff's responsibility to provide the Court with the name and service address for this individual.

Plaintiff shall serve upon Defendants (or upon defense counsel once an appearance is entered), a copy of every pleading or other document submitted for consideration by the Court. Plaintiff shall include with the original paper to be filed a certificate stating the date on which a true and correct copy of the document was served on Defendants or counsel. Any paper received by a district judge or magistrate judge that has not been filed with the Clerk or that fails to include a certificate of service will be disregarded by the Court.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the Complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule 72.1(a)(2), this action is **REFERRED** to **United States**

**Magistrate Judge Reona J. Daly** for further pre-trial proceedings, which shall include a determination on the pending motion for recruitment of counsel (Docs. 3 and 8).

Further, this entire matter shall be **REFERRED** to United States Magistrate Judge Daly for disposition, pursuant to Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *if all parties consent to such a referral.*

If judgment is rendered against Plaintiff, and the judgment includes the payment of costs under § 1915, Plaintiff will be required to pay the full amount of the costs, notwithstanding that his application to proceed *in forma pauperis* has been granted. *See* 28 U.S.C. § 1915(f)(2)(A).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED: May 31, 2017**

                                                 s/ STACI M. YANDLE
                                                 United States District Judge